United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1079
Meredyth A. Kippes,
for the United States Trustee
meredyth.a.kippes@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RMR Operating, LLC et al., | § | Case No.    16-30988-BJH-11 |
| | § | |
| | § | Jointly Administered. |
| | § | |
| Debtors-in-Possession. | § | |

**United States Trustee's Motion to Dismiss Cases or in the Alternative, to Convert Cases to Cases under Chapter 7 in Accordance with  11 U.S.C. §1112(b)(1) or, in the Second Alternative, to set Confirmation Deadlines**

**To the Honorable Barbara J. Houser,
United States Bankruptcy Judge:**

The United States Trustee for Region 6 moves to dismiss these jointly administered cases or, in the alternative, to convert them to cases under chapter 7 or, in the second alternative, to set Confirmation Deadlines.  In support of the relief requested, the United States would show:

**Summary**

RMR Operating, LLC, Case No. 16-30988-BJH-11; Red Mountain Resources, Inc., Case No. 16-30989-BJH-11; Cross Border Resources, Inc., Case No. 16-30990-BJH-11; and Black Rock Capital, Inc., Case No. 16-30991-BJH-11 (collectively, the "Debtors") are jointly administered debtors.  The Debtors operate a company that engages in the acquisition, development and exploration of oil and gas interests New Mexico and Texas.  The Debtors' cases

have been pending more than two years with no confirmable plan proposed. Accordingly, the Debtors have not demonstrated that they are able to confirm a plan and these jointly administered cases should be dismissed. The Debtors' failure to propose a confirmable plan also constitutes unreasonable delay warranting dismissal. In the alternative, should the Court determine that dismissal is not the appropriate remedy, the Debtors' inability to propose and confirm a plan also forms cause to convert these cases to cases under chapter 7. If the Court determines that neither dismissal nor conversion is appropriate, cause exists to set confirmation deadlines.

### Facts and Procedural History

1. The Debtors filed their voluntary chapter 11 petitions in bankruptcy on March 8, 2016.

2. On March 15, 2016, the Court entered an order jointly administering the Debtors (Docket Entry No. 20).

3. The Debtors operate a company that engages in the acquisition, development and exploration of oil and gas interests New Mexico and Texas.

4. The exclusivity period in these cases has been extended twice. The exclusive period to file a plan was first extended to September 6, 2016 and the exclusive period within which to confirm the plan was extended to November 7, 2016 (Docket Entry No. 173). The exclusive periods were further extended to October 7, 2016 to file a plan and December 9, 2016 to confirm a plan (Docket Entry No. 219). No further extensions of the exclusive periods have been granted and the exclusive periods have now expired.

5. The Debtors filed a plan of reorganization on October 14, 2016 (the "Plan," Docket Entry No. 225). The Plan was unaccompanied by a disclosure statement. The Debtors have not pursued confirmation of the Plan.

6.      Upon inquiry by the United States Trustee in the fall of 2017, the Debtors indicated that they intended to file a new plan and disclosure statement and pursue confirmation after they resolved a dispute with Black Shale Minerals, LLC ("Black Shale"), which was an impediment to the Debtors proposing a new plan.  The United States Trustee agreed to give the Debtors to the spring of 2018 to attempt to resolve their dispute with Black Shale and propose a new plan and disclosure statement.

7.      After much back and forth between the Debtors and Black Shale, Black Shale filed a motion to set deadlines to file and confirm a plan or, alternatively, to convert the cases to cases under chapter 7 (the "Black Shale Motion," Docket Entry No. 278).

8.      The Black Shale Motion was set before this Court on February 2, 2018.  At the hearing on February 2, 2018, the Debtors and Black Shale announced that an agreement had been reached in their underlying dispute and related litigation, and that a motion to compromise controversy would be filed.  The Court determined to carry the Black Shale Motion to be reset after the hearing on the to-be-filed motion to compromise.

9.      On March 8, 2018 (coincidentally, the second anniversary of the date of the filing of these cases), the Debtors filed their motion to approve compromise with Black Shale under Fed. R. Bankr. P. 9019 (the "Compromise Motion," Docket Entry No. 288).

10.     A hearing on the Compromise Motion was held by the Court on April 11, 2018. The Court entered the order approving the compromise on April 13, 2018 (Docket Entry No. 293).

11.     On April 12, 2018, counsel for the United States Trustee sent correspondence to counsel for the Debtors asking when the Debtors anticipated filing their new plan and disclosure statement.

12. On April 13, 2018, Debtor's counsel sent correspondence to counsel for the United States Trustee indicating that a plan would be filed the next week (e.g., the week of April 16, 2018).

13. On May 3, 2018, counsel for the United States Trustee again sent correspondence as to when a new plan and disclosure statement would be filed, but, as of the filing of this motion, has received no response.

14. As of the filing of this motion, no new plan or disclosure statement has been filed by the Debtors.

15. As of the filing of this motion, no new hearing date on the Black Shale Motion has been set.

## Argument and Authority

**General discussion of burdens under 11 U.S.C. § 1112(b)**

16. Under section 1112(b), "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

17. If cause is established, the burden shifts to the Debtor to prove that it falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. *Id*. at § 1112(b)(2). The Legislative History explains that the exception applies only if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of

time." H.R. Rep. No. 109-31(1) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198, *reprinted in, In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

**Lack of reasonable likelihood of rehabilitation**

18. "Cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonably likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

19. Analysis of a reasonably likelihood of rehabilitation is case-specific and will address the debtor's viability and rate of progress. *See In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987) (*en banc*), *aff'd sub nom, United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

20. The Debtors' cases have been pending two years and two months. The asserted impediment to the Debtors' proposing a confirmable plan, the dispute with Black Shale, has been resolved. The Debtors have not proposed a new plan and disclosure statement. The Debtors' rate of progress in this case has been glacial. With the reason for the slow progress in the case, the Black Shale dispute, having been resolved, the Debtors have still not filed a new plan and disclosure statement. The Court should dismiss this case.

**Unreasonable Delay**

21. Cause to dismiss this case also exists under 11 U.S.C. § 1112(b)(4)(J) because the Debtor's case has been pending in chapter 11 for two years and two months, which is longer than the 18 months beyond which the Debtors' exclusivity may be extended under 11 U.S.C. § 1121(d)(2)(A). Indeed, the Debtors' extended exclusivity period expired more than 18 months ago. At the very least, the Debtors' failure to propose a new plan and a disclosure statement constitutes unreasonable delay warranting dismissal of these cases.

**In the alternative, cause exists to convert these cases to cases under chapter 7.**

22.     Alternatively, should the Court determine that conversion is in the best interest of creditors, the foregoing cause supports conversion of these cases to cases under chapter 7.

**In the second alternative, cause exists for the Court to set confirmation deadlines.**

23.     If the Court determines that neither dismissal nor conversion is appropriate, the foregoing cause also constitutes cause for this Court to enter an order setting deadlines by which the Debtors must file a plan and disclosure statement and obtain confirmation of such plan.

**Wherefore**, the United States Trustee requests that the Court (a) dismiss this case; or, in the alternative, (b) convert these cases to cases under chapter 7; or, in the second alternative (c) enter an order setting confirmation deadlines; and (d) grant to the United States Trustee such other and further relief as is just and proper.

DATED: May 9, 2018                   Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(214) 767-1079
meredyth.a.kippes@usdoj.gov

**Certificate of Conference**

Under Local Bankruptcy Rule 9013.1 and Local District Rule 7.1, no conference is required for this motion.

/s/ *Meredyth A. Kippes*
Meredyth A. Kippes

## Certificate of Service

There undersigned hereby certifies that on May 9, 2018, a copy of the foregoing pleading was served on the parties listed below via First Class United States Mail and/or ECF.

/s/ *Meredyth A. Kippes*
Meredyth A. Kippes

RMR Operating, LLC
Black Rock Capital, Inc.
Cross Border Resources, Inc.
Red Mountain Resources, Inc.
14282 Gillis Road
Farmers Branch, Texas  75244

Howard Marc Spector
Spector & Johnson, PLLC
12770 Coit Road
Banner Place
Suite 1100
Dallas, Texas  75251

Sonia A Chae
Securities & Exchange Commission
175 W. Jackson Blvd, Suite 900
Chicago, Illinois  60604

Gerald Philip Urbach
John R. Sigety
Hiersch, Hayward, Drakeley & Urbach, PC
15303 Dallas Parkway, Suite 700
Addison, Texas  75001

Phillip Lamberson
Annmarie Chiarello
Winstead PC
2728 N. Harwood Street
500 Winstead Building
Dallas, Texas  75201

Laurie Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmon Freeway
Suite 1000
Dallas, Texas  75207

Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 17428
Austin, Texas  78741

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1290
Fort Worth, Texas  76102

John Mark Chevallier
James Griffin Rea
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas  75201

Zachary S. McKay
Kim Ellen Lewinski
Dore Law Group, P.C.
17171 Park Row, Suite 160
Houston, Texas  77084

James Casey Jacobsen
New Mexico Attorney General's Office
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM 87102-2368

Nathan M. Nichols
Orenstein Law Group, P.C.
8401 N. Central Expressway, Suite 840
Dallas, Texas  75225

Shelby Arthur Jordan
Jordan, Hyden, Womble, Culbreth, et al., PC
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas  78401

Richard Hardy
Faddoul Cluff and Hardy
1115 Broadway
Lubbock, Texas  79401

Donald Paul Stecker
Linebarger Goggan Blair & Sampson, LLP
711 Navarro Street #300
San Antonio, Texas  78205

Michelle T. Miano
State Land Office
State of New Mexico
P.O. Box 1148
Santa Fe, NM  87504-1148

David F. Waguespack
Carver Darden
1100 Poydras Street, Suite 3100
New Orleans, LA  70163